IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEYADELDIN METWALLI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1450-B-BN |
| | § | |
| CANADIAN SOLAR, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Deyadeldin Metwalli filed a *pro se* complaint alleging wrongful employment practices. *See* Dkt. No. 3. Metwalli paid the filing fee, and a summons was issued. *See* Dkt. No. 5. A few days later, Metwalli filed an amended complaint. *See* Dkt. No. 7. United States District Judge Jane J. Boyle then referred Metwalli's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 6.

Defendant Canadian Solar U.S. Module Manufacturing Corporation ("Canadian Solar") moved to dismiss Metwalli's amended complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 11. Metwalli responded, and Canadian Solar replied. *See* Dkt. Nos. 14, 16, & 17. And the undersigned recommends that, for the reasons and to the extent set out below, the Court grant the Rule 12(b)(6) motion.

**Legal Standards**

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina*

*Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and

conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th

Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

But pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)).

And, "[w]hen an allegation is contradicted by the contents of an exhibit attached to the pleading," "the exhibit and not the allegation controls." *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (cleaned up; quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not

articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g., Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

## Analysis

Relying in large part on the charge of discrimination attached to the amended complaint, Canadian Solar moves to dismiss Metwalli's claims as time barred and unexhausted, and, to the extent that Metwalli presents timely claims and has exhausted administrative remedies, Canadian Solar urges dismissal because those claims are not plausibly pleaded.

First off, it's not clear whether Metwalli alleges wrongful employment claims just under Title VII of the Civil Rights Act of 1964 or also under Chapter 21 of the Texas Labor Code.

And, in general, "[c]ourts apply the same standards when analyzing claims under Title VII and Chapter 21." *Mott v. Schneider Elec. Sys., USA, Inc.*, No. 4:24-cv-3084, 2025 WL 1549461, at *2 (S.D. Tex. May 30, 2025) (citing *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004)).

But different standards can apply when courts consider whether such claims have been timely exhausted:

> In Texas, which has a state fair employment agency (the Texas Workforce Commission – "TWC") that has a work-sharing agreement with the EEOC, a Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act. *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 544 (2019). "The time period generally begins to run when the employee receives notice of the allegedly discriminatory decision, not when the employment actually ceases." *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992). Failure to file a charge with the EEOC and exhaust administrative remedies before filing a Title VII action will result in dismissal. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996). The TCHRA also requires a plaintiff to exhaust administrative remedies, and the relevant time period is shorter: 180 days rather than 300. TEX. LAB. CODE § 21.202(a); *see also Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 552-53 (5th Cir. 2020). Filing a charge with the EEOC satisfies the complaint-filing requirement for the TCHRA, but the 180-day time limit under the TCHRA still applies. *Griffin v. City of Dall.*, 26 F.3d 610, 612-13 (5th Cir. 1994); *see also Adams v. DaimlerChrysler Servs. NA LLC*, 252 F. App'x 681, 683 (5th Cir. 2007) (affirming district court's dismissal of TCHRA claims as time-barred when those claims accrued more than 180 days before the plaintiff filed her EEOC charge).

*Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 371 (S.D. Tex. 2023) (cleaned up); *accord Trevino v. Mouser Elecs.*, No. 4:22-cv-610-P, 2023 WL 3984668, at *3 (N.D. Tex. May 11, 2023), *rec. accepted*, 2023 WL 3984840 (N.D. Tex.

June 13, 2023).

The purpose of exhaustion "is to facilitate the administrative agency's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2019) (quoting *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012)).

Administrative exhaustion therefore "provides an opportunity for voluntary compliance before a civil action is instituted." *Id.*; *c.f., e.g.*, *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) ("To exhaust, a plaintiff must file a timely charge with the EEOC and then receive a notice of the right to sue." (citation omitted)).

But these "charge-filing instruction[s are] not jurisdictional…. [Instead,] they are properly ranked among the array of claim-processing rules that must be timely raised to come into play." *Davis*, 587 U.S. at 543-44; *see also Hinkley*, 968 F.3d at 554 (concluding that "Texas Labor Code § 21.202's 180-day filing requirement is mandatory but not jurisdictional").

That is, "[f]ailure to exhaust is an affirmative defense that should be pleaded." *Davis*, 893 F.3d at 307 (citations omitted).

Limitations is too. *See Clemmer v. Irving Indep. Sch. Dist.*, No. 3:13-cv-4997-D, 2015 WL 1757358, at *2 (N.D. Tex. Apr. 17, 2015) (citing *Adams v. Cedar Hill Indep. Sch. Dist.*, No. 3:13-cv-2598-D, 2014 WL 66488, at *2 (N.D. Tex. Jan. 8, 2014)).

And, "[t]o obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the successful affirmative defense must appear clearly on the face of the pleadings." *Taylor v. Lear Corp.*, No. 3:16-cv-3341-D, 2017 WL 6209031, at *2 (N.D. Tex. Dec. 8,

2017) (cleaned up).

"Stated another way, the defendant is not entitled to dismissal under [either Rule 12(b)(6) or Federal Rule of Civil Procedure] 12(c) unless the plaintiff has pleaded herself out of court by admitting to all of the elements of the defense." *Clemmer*, 2015 WL 1757358, at \*2 (cleaned up).

Here, Metwalli attaches the charge to his amended complaint, so it's been made part of the pleadings. *See Katrina*, 495 F.3d at 205; *Gill*, 941 F.3d at 511.

And, if it wasn't, the Court could still "take judicial notice of [it] as a public record." *E.g.*, *West v. R&K Enters. Solutions*, No. 3:23-cv-1371-G-BN, 2024 WL 3891533, at \*5 (N.D. Tex. July 19, 2024) ("[E]ven if not referenced in the complaint and central to West's claims, the Court can take judicial notice of the EEOC charge as a public record." (citing *King v. Life School*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011))), *rec. accepted*, 2024 WL 3891838 (N.D. Tex. Aug. 21, 2024).

So, to the extent that Canadian Solar moves to dismiss the amended complaint because Metwalli failed to timely exhaust, the Court may examine the charge itself to determine whether, on the face of the pleadings, Metwalli has admitted to all elements of either affirmative defense.

The charge, filed on March 11, 2025, reflects that it is based on retaliation that took place (at the earliest and at the latest) on May 21, 2024 but that Metwalli was terminated on May 2, 2024. *See* Dkt. No. 7 at 15.

Metwalli responds to this apparent inconsistency by explaining that he was terminated on May 23, 2024, as reflected in a TWC separation report, and that the

May 2 date was a clerical error. *See* Dkt. No. 16 at 1 & 24.

And the Court need not resolve this fact dispute at this phase to find that any Chapter 21 claims that Metwalli may allege are time barred because the charge was filed "more than 180 days after the occurrence of an alleged unlawful employment practice." *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 586 n.5 (5th Cir. 2020) (citing TEX. LAB. CODE § 21.202(a); *Adams v. DaimlerChrysler Servs. NA LLC*, 252 F. App'x 681, 683 (5th Cir. 2007) (per curiam)).

But, as to the Title VII claims, because 300 days prior to March 11, 2025 was May 15, 2024, the fact dispute does matter. And, given at least that the charge itself is internally inconsistent, the Court should not find that Metwalli has pleaded himself out of court based just on that the Title VII claims are untimely.

That said, the Court still must examine the charge made part of the pleadings to determine the scope of claims exhausted by it, keeping in mind "that 'the scope of an EEOC complaint should be construed liberally." *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)). But this liberal construction must be weighed against the statutory goals of "trigger[ing] the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco*, 448 F.3d at 788-89.

> And, to attain a balance between the two, courts in this circuit interpret
>
> "what is properly embraced in review of a [wrongful employment practice] claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of

discrimination.'" *Id.* at 789 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). "[Courts should] engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Id.*

*Patton*, 874 F.3d at 443.

"In analyzing whether a complainant has exhausted her administrative remedies, the crucial element of a charge of discrimination is the factual statement contained therein." *Nuñez-Renck v. Int'l Bus. Machs. Corp.*, No. 3:23-cv-1308-D, 2024 WL 4995572, at *5 (N.D. Tex. Dec. 5, 2024) (cleaned up); *see also Stingley v. Watson Quality Ford, Jackson, MS*, 836 F. App'x 286, 291 (5th Cir. 2020) (per curiam) ("Courts assess whether a claim is like or related to the underlying EEOC charge through a fact-intensive analysis of the statement given by the plaintiff in the administrative charge." (cleaned up)).

The charge sets out that Metwalli complained to his employer in March 2024 about a team member "who tapped/slapped [him] on the shoulder with the back of her hand and refused to follow directions." Dkt. No. 7 at 15. The employer investigated and could not substantiate Metwalli's allegations. *See id.* Metwalli then complained about the same team member again, and a manager "inappropriately told [Metwalli he] was paid highly for [his] job" and "further discussed Metwalli's salary with others." *Id.*

Metwalli claims that, after making these complaints, he was terminated and "told [he] did not fit the rest of the team for being dishonest." *Id.* But he believes his firing was retaliatory in violation of Title VII. *See id.*; *see also id.* at 16 (alleging that other employees were hostile to him, including one who may have complained that

- 10 -

Metwalli stuttered); *id.* (alleging that the company (1) did not compensate him for his "car breakdown when [he] was sent on a work trip to Houston" and (2) "tried to stop [his] unemployment by telling TWC that [his] termination was [for] misconduct").

42 U.S.C. § 2000e-3(a), "[t]he antiretaliation provision of Title VII[,] prohibits an employer from discriminating against an employee or job applicant because that individual opposed any practice made unlawful by Title VII or made a charge, testified, assisted, or participated in a Title VII proceeding or investigation." *Ayorinde v. Team Indus. Servs. Inc.*, 121 F.4th 500, 507-08 (5th Cir. 2024) (quoting *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 576-77 (5th Cir. 2020), as revised (Aug. 14, 2020)).

And, when a court applies Rule 12(b)(6)'s standards to a Title VII claim, the complaint "need not contain specific facts establishing a prima facie case of [retaliation] under the framework set forth ... in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (cleaned up); *accord Hamilton v. Dall. Cnty.*, 79 F.4th 494, 502 n.45 (5th Cir. 2023) (en banc).

"But a plaintiff is still required to plead sufficient facts *on all of the ultimate elements* of [each] claim." *Norsworthy*, 70 F.4th at 336 (cleaned up; emphasis in original); *accord Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *4 (5th Cir. Oct. 8, 2024) (per curiam) (same as to retaliation).

For a retaliation claim, those "ultimate elements" are "that 1) [the plaintiff] engaged in protected activity, 2) she suffered an adverse employment action, and 3)

a causal link exists between the protected activity and the adverse employment action." *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021) (cleaned up).

And, while internal complaints may constitute a protected activity for purposes of a retaliation claim, such complaints must "oppose[ a] practice made unlawful by Title VII." *Ayorinde*, 121 F.4th at 507-08; *Brown*, 969 F.3d at 576-77 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006) (quoting 42 U.S.C. § 2000e-3(a))); *see, e.g.*, *Rodriguez v. Wal-Mart Stores, Inc.*, 540 F. App'x 322, 328 (5th Cir. 2013) (per curiam) ("An employee that files an internal complaint of discrimination engages in a protected activity." (citing *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 194 (5th Cir. 2001))); *Walker v. Univ. of Tex. Med. Branch – Galveston*, No. 3:17-CV-00313, 2018 WL 3850827, at *4 (S.D. Tex. July 3, 2018) (noting that courts in this circuit "uniformly hold that an informal complaint must reference a discriminatory practice to constitute a protected activity" (citations omitted)), *rec. adopted*, 2018 WL 3844691 (S.D. Tex. Aug. 13, 2018); *cf. Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (per curiam) ("Magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." (collecting cases)).

Liberally construing the facts stated in the charge, no exhausted allegations presented by Metwalli reflect that he made an internal complaint related to discrimination. Complaining about an uncooperative, rude, or disruptive team member, or about a manager discussing your salary, or about your employer not compensating you for travel expenses does not, without more, qualify as a protected

activity.

And, so, as to any claims that Metwalli has exhausted, he has not alleged a plausible claim under Title VII. And the Court should therefore grant Canadian Solar's motion to dismiss.

The opportunity file objections to these findings, conclusions, and recommendation (as further explained below) allows Metwalli an opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

And the Court should dismiss this lawsuit with prejudice if Metwalli fails to timely object and show a basis to amend to allege a plausible claim – that is, one supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Recommendation

The Court should grant Defendant Canadian Solar U.S. Module Manufacturing Corporation's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 11] to the extent that any claims that Plaintiff Deyadeldin Metwalli may make under Chapter 21 of the Texas Labor Code are time

barred and to the extent that Metwalli's exhausted allegations under Title VII of the Civil Rights Act of 1964 fail to state a claim on which relief can be granted, and the Court should dismiss this lawsuit with prejudice unless Metwalli files timely objections that show a basis to amend to allege a timely, exhausted, and plausible claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 4, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE